**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| RICHARD C.,[1] | No. 25-CV-2001-CJW-MAR |
| Plaintiff, | |
| vs. | **ORDER** |
| FRANK BISIGNANO, Commissioner of Social Security, | |
| Defendant. | |

_____

## I.    INTRODUCTION

This case is before the Court on a March 10, 2026 Report and Recommendation (R&R) filed by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 18). Judge Roberts recommends that the Court reverse the decision rendered by the Commissioner of Social Security (Commissioner) denying Richard C.'s (Claimant) application for disability insurance (DI) benefits under Title II of the Social Security Act, codified at Title 42, United States Code, Sections 401–434, and remand the case for further proceedings. Neither party has objected to the R&R. The deadline for such objections has expired. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons stated below, the Court **accepts** Judge Roberts' R&R (Doc. 18) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The "Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (quoting *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998)). The Eighth Circuit describes the standard as "something less than the weight of the evidence [that] allows for the possibility of drawing two inconsistent conclusions[.]" *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)).

In determining whether the Commissioner's decision meets this standard, the Court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The Court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The Court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the Court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court, however, may not reverse the Commissioner's

2

decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. Review of Report and Recommendation

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## III. BACKGROUND

The Court has reviewed the record and finds that Judge Roberts accurately summarized the pertinent facts and procedural history of this case. (Doc. 18, at 1–2). In short, claimant alleged disability due to anxiety, depression, diabetes, back and shoulder problems, heart disease, sleep apnea, emphysema, fibromyalgia, and undiagnosed stomach issues. (AR 217).[2] Claimant asserted an onset date of February 1, 2018, later amended to April 16, 2020. (AR 41). The Commissioner denied the claim initially in 2022, and on reconsideration in 2023. (AR 17). On October 24, 2023, an Administrative Law Judge (ALJ) held a hearing at which both claimant and a vocational expert (VE) testified. (AR 36-71). On February 20, 2024, the ALJ issued an unfavorable decision. (AR 17-30). The ALJ found claimant had the residual functional capacity (RFC):

> to perform light work as defined in 20 CFR [§] 404.1567(b) except he can occasionally stoop, crouch, crawl, kneel, balance, and climb ramps and stairs. He should do no climbing of ladders, ropes or scaffolds. There should be no exposure to potential workplace hazards such as moving machinery or unprotected heights. He can occasionally reach overhead bilaterally. He may have occasional exposure to extremes of heat and cold, humidity, or potential pulmonary irritants such as fumes, odors, dusts, and gases. He can perform simple, routine tasks with occasional interaction with the general public.

---

[2] Citations to "AR" are to the administrative record, at the appropriate page.

4

(AR 22).  Based on this RFC, the ALJ found claimant could not perform past relevant work, but found nevertheless there were jobs that existed in significant numbers in the national economy that claimant could perform, including "routing clerk," "marker," and "garment sorter."  (AR 29-30).  Thus, the ALJ found claimant was not disabled.  (AR 30).

## IV.  DISCUSSION

Claimant argues that the ALJ erred by failing to: (1) provide good reasons for finding claimant had no standing or walking limitations; and (2) properly evaluate the medical opinions of treating cardiologist, Dr. Fahed Al Darazi.  (Doc. 8).

### A.  Standing and Walking Limitation

As to the first issue, Judge Roberts found that claimant was correct that the ALJ's assertion that claimant had no "'significantly abnormal x-rays or other diagnostic tests' is not entirely correct."  (Doc. 18, at 10).  Judge Roberts then reviewed the record in detail pertaining to this finding, including an MRI, showing degenerative disc disease of the lumbar spine and bilateral neuroforaminal stenosis at multiple levels.  (*Id.*).  After thoroughly reviewing other entries in the record pertaining to claimant's ability to stand and walk, Judge Roberts generally found, however, that the ALJ's credibility findings might have been sufficient to support the decision except for "one significant omission, Claimant's obesity."  (*Id.*, at 12).  Judge Roberts noted that the ALJ found claimant's obesity was a sever impairment, but then failed to address that obesity in determining claimant's RFC.  (*Id.*, at 12-13).  Judge Roberts found that the ALJ failed to adequately address how claimant's obesity, along with other physical impairments, affected claimant's ability to stand and walk, and hence perform light work.  (*Id.*, at 14).  Thus, Judge Roberts recommended "that the Court reverse and remand this matter so that the ALJ may properly consider Claimant's credibility and fully, fairly develop the record as

5

it pertains to the effects of Claimant's obesity on the RFC assessment, and properly consider Claimant's obesity in accordance with SSR 19-2p." (*Id.*, at 14).

The Court wholly agrees with and adopts Judge Roberts' findings and conclusions. It may well be that an ALJ could find claimant could perform light work, even when considering claimant's obesity. But the record here is inadequate for a Court to affirm the ALJ's decision when the ALJ omitted a full discussion of that severe limitation when determining claimant's RFC.

### B.     *Dr. Al Darazi's Opinions*

Claimant faulted the ALJ for finding Dr. Al Darazi's opinion unpersuasive, assuming that the doctor simply accepted claimant's subjective complaints, and failing to actually review the doctor's notes to determine if objective findings supported the doctor's opinion that claimant was limited to walking one block. (Doc. 18, at 14). Judge Roberts reviewed the record as to Dr. Al Darazi, and the ALJ's findings as to the doctor. (*Id.*, at 15-17). Generally, Judge Roberts found Dr. Al Darazi's opinion of limited value and "the ALJ's consideration of Dr. Al Darazi's opinion is generally acceptable." (*Id.*, at 17). Nevertheless, because Judge Roberts recommended remand and reconsideration on the first issue, he recommends that on remand "the ALJ consider whether Dr. Al Darazi's opinion has any bearing on the ALJ's overall consideration of Claimant's obesity as it pertains to Claimant's RFC assessment." (*Id.*).

The Court agrees with Judge Roberts. Standing alone, the Court would not reverse and remand this case based on the ALJ's assessment of the degree of persuasive value assessed Dr. Al Darazi's opinion. But, because the Court is remanding the matter to the Commissioner on the first issue, it follows that the ALJ reconsider Dr. Al Darazi's opinion in light of what impact, if any, a full consideration of claimant's obesity might have on claimant's RFC.

6

## V. CONCLUSION

For these reasons:

1.    The Court **accepts** Judge Roberts' R&R (Doc. 18) without modification. *See* 28 U.S.C. § 636(b)(1).

2.    Consistent with Judge Roberts' recommendation, the Commissioner's determination is **reversed**, and this matter is **remanded** to the Commissioner under sentence four of Section 405(g) for further proceedings consistent with this order and Judge Roberts' R&R.

**IT IS SO ORDERED** this 26th day of March, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

7